IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM J. WHITSITT,

       Plaintiff,                     No. 2:13-cv-0118 KJM GGH PS

   vs.

PATRICIO ENTERPRISES, et al.,

       Defendants.             ORDER

_____/

       Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

       The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

In this case, plaintiff asserts claims of discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA"), as well as state law claims. Plaintiff, who is 56

\\\\\

\\\\\

years old,[1] appears to allege that defendants Patricio Enterprises (a potential employer) and San Joaquin County Work net (a staffing company) failed to hire plaintiff for a low paying menial job despite his years of relevant work experience and overqualification for the job, due to his age. He further alleges that he has been blacklisted in a conspiracy among staffing companies and employment agencies as a result of his prior discrimination complaints.  Plaintiff also names the United States as a defendant in conjunction with his claim that Patricio Enterprises is a government agent or contractor and the allegation that these defendants not only hired younger, less qualified employees, but also favored ex-military veterans over older more experienced applicants.

      Although plaintiff's complaint contains sufficient facts, at least for purposes of screening, to indicate that plaintiff's claims are not frivolous, the court finds that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  The complaint is 30 pages long, contains multiple sections with small print and single spacing, and also contains a large amount of material irrelevant to plaintiff's claims.  Furthermore, several passages are repeated virtually verbatim throughout the complaint.  Accordingly, the court will dismiss plaintiff's complaint, but with leave to amend.

      Plaintiff is also informed that if he continues to name the United States as defendant in an amended complaint, this defendant may be dismissed under the following authority.

      Under the ADEA, only employers may be subject to liability.  See Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 67-68, 120 S.Ct. 631 (2000).  "Generally, an agent or employer who may be sued as an employer in Title VII suits [and, by analogy, in ADEA suits] has been construed to be a supervisory or managerial employee to whom employment decisions have been delegated by an employer." Gallagher v. Gallagher, 130 F.Supp.2d 359, 362-63 (N.D.N.Y. 2001)

---

[1] Elsewhere in the complaint, plaintiff states he is 57 years old. (Compl. at 1, 5.)

3

(citation omitted).

    (b) The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year .... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b).

    It is not clear whether the ADEA applies to the United States as an employer where plaintiff is not a covered federal employee in one of the following categories:

    (a) Federal agencies affected

    All personnel actions affecting employees or applicants for employment who are at least 40 years of age (except personnel actions with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Regulatory Commission, in those units in the government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Printing Office, the Government Accountability Office, and the Library of Congress shall be made free from any discrimination based on age.

29 U.S.C. § 633a.

    There is some legislative history indicating that the law was intended to cover the above listed groups of federal employees and "persons employed by contractors and subcontractors engaged in the performance of Federal Contracts." Bunch v. U.S., 548 F.2d 336, 339 n. 4 (9th Cir. 1977) (citing legislative history). It is not clear, therefore, whether the ADEA applies to the United States where plaintiff was not a covered employee listed above. In fact, such claims have been dismissed for failure to state a claim. In Leitch v. MVM, Inc., 2004 WL 1638132 (E.D. Pa. Jul. 22, 2004), plaintiff was employed by an independent government

4

1  contractor to the federal government. The court relied on 29 U.S.C. § 633a to determine that
2  such a claim can only go forward where plaintiff is an employee (or applicant for employment)
3  with the federal government. Id. at *5.
4     Even if plaintiff were permitted to bring an ADEA claim against the government
5  in spite of the aforementioned authority, plaintiff would have to show an agency or "joint-
6  employment" relationship between the other defendants and the government. This exception to
7  the requirement that defendant be a direct employer is that an entity must "so extensively
8  control[] an aggrieved party's employment relationship as to become that party's *de facto*
9  employer." Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 574 (1st Cir. 2004).
10    In Rehabilitation Act cases which are analogous to the ADEA in most respects,
11 the Ninth Circuit has utilized the joint-employment test to determine if an employee of an
12 independent contractor that provides services to the government is also a federal employee.
13 Lopez v. Johnson, 333 F.3d 959, 963 (9th Cir. 2003). See also Butterbaugh v. Chertoff, 479
14 F.Supp.2d 485 (W.D. Pa. 2007) (using same test in Title VII case). Plaintiff has made no such
15 showing in this complaint as currently pled.
16    Furthermore, if plaintiff proceeds to name the United States in an amended
17 complaint, he is informed that he must name the proper defendant, such as a department or
18 agency head. See Daly v. U.S. Dept. of the Army, 860 F.2d 592, 593 (3rd Cir. 1988)
19 (acknowledging in Title VII cases that the head of a department is the only proper defendant);
20 Shaffer v. Peake, 2008 WL 794470, *24 (W.D. Pa. Mar. 24, 2008) (noting that rule similar to
21 that utilized in Title VII cases has been applied in ADEA cases).
22    If plaintiff chooses to amend, the amended complaint shall be *no longer than 15*
23 *pages*, shall not use a font smaller than 12 Times New Roman, and shall not use single spacing
24 except for any block quotations. Plaintiff must set forth the jurisdictional grounds upon which
25 \\\\\
26 \\\\\

the court's jurisdiction depends. Fed. R. Civ. P. 8(a).[2]  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, in any amended complaint, plaintiff shall clarify exactly what claims or causes of action are asserted against each defendant.[3]

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. E.D. Cal. L.R. 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is advised to attach copies of all written claims or charges of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") or the California Department of Fair Employment and Housing ("DFEH") as exhibits to any amended complaint.  These exhibits will not count towards the 15-page limit imposed with respect to the amended complaint.

\\\\\

\\\\\

---

[2] Although plaintiff alleges that diversity of citizenship jurisdiction exists, it appears that plaintiff and at least some of the defendants are citizens of California, thereby destroying complete diversity. See Cook v. AVI Casino Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008). Instead, given plaintiff's claims under the ADEA, it appears that this court has federal question jurisdiction over the action.

[3] One way to accomplish this is to, after setting forth the parties, jurisdiction/venue allegations, and background facts, use numbered headings for each cause of action specifying against whom the particular cause of action is brought, for example "First Cause of Action for xxxxx against defendant(s) xxxxx" followed by the factual allegations in support of that particular cause of action.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (dkt. no. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 28 days from the date of service of this order to file an amended complaint in accordance with this order curing the deficiencies outlined above. The amended complaint shall bear the docket number assigned to this case, shall be labeled "First Amended Complaint," and shall not exceed fifteen (15) pages. Plaintiff must file an original and two copies of any amended complaint.

4. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 15, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Whitsitt.0118.ifp-lta.wpd