IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

WILLIAM J. WHITSITT,

        Plaintiff,                   No. 2:13-cv-00118-KJM-GGH

   vs.

PATRICIO ENTERS., et al.,

        Defendants.              ORDER

_____/

        On May 17, 2013 plaintiff, proceeding pro se, filed the instant motion to reconsider the magistrate judge's April 16, 2013 order dismissing plaintiff's complaint with leave to amend. (ECF 4.) The magistrate judge's order held that, while plaintiff's original complaint alleging age discrimination and other claims contained sufficient facts and makes no frivolous claims, it did not contain a "short and plain statement as required by Fed. R. Civ. P. 8(a)(2)." (ECF 3 at 3.) The magistrate judge noted that the complaint was thirty pages long, contained multiple sections with small print and single spacing, contained a large amount of material irrelevant to plaintiff's claims, and repeated several passages verbatim. (*Id.*) Accordingly, the magistrate judge dismissed plaintiff's complaint with leave to amend so that he could conform his pleading to the Federal Rules of Civil Procedure. (*Id.* at 7.) Additionally, the court imposed a fifteen page limit on plaintiff's first amended complaint. (*Id.*)

1         The balance of the April 16 order informed plaintiff about various aspects of law, such as sovereign immunity and the Age Discrimination in Employment Act ("ADEA"), but did not actually dismiss or otherwise limit plaintiff's claims.

        In the present motion, plaintiff asks this court to reconsider: (1) the fifteen-page limit; (2) the discussion of sovereign immunity; and (3) the discussion of the ADEA.  (ECF 4.)  Plaintiff argues the magistrate judge committed error in limiting the length of plaintiff's complaint and in discussing these areas of substantive law.  (*Id.*)

        The court declines to disturb the April 16 order.  The magistrate judge directed plaintiff to comply with Rule 8(a)(2) and provided guidance on how to comply.  Rather than appeal to this court for a reconsideration of the fifteen-page limit, plaintiff should have filed a motion with the magistrate judge to exceed that limit before filing an amended complaint.  *Cf. Bradberry v. Schriro*, No. 05-1336-PHXJAT, 2009 WL 971298, at *2 (D. Ariz. Apr. 8, 2009) (considering plaintiff's motion to exceed fifteen-page limit for complaints).  In that motion, plaintiff could have explained why fifteen pages are insufficient.  The balance of the April 16 order was meant to be informative only, and this court has no power to reconsider helpful suggestions.

        IT IS SO ORDERED.

DATED: July 31, 2013.

                                  UNITED STATES DISTRICT JUDGE