UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT,<br><br>   Plaintiff,<br><br>   v.<br><br>PATRICIO ENTERPRISES, et al.,<br><br>   Defendants. | No.  2:13-cv-0118 KJM GGH PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

      This proceeding was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff is proceeding pro se and in forma pauperis.  Plaintiff seeks damages for alleged violations of his civil rights and the ADEA, as well as other federal and state law.

      By order filed April 16, 2013, the court determined that plaintiff had not stated a colorable claim against defendant United States.  The court dismissed the complaint with twenty-eight days leave to amend.  Plaintiff has filed an amended complaint; however, he has failed to rectify the errors pointed out in this court's original order in regard to defendant United States.  That portion of the order pertaining to the deficient allegations against the United States is repeated here.

      Plaintiff has named the United States as a defendant in conjunction with his claim that Patricio Enterprises was a government agent or contractor which not only hired younger, less qualified employees, but also favored ex-military veterans over older more experienced

1

1  applicants.

2  Under the ADEA, only employers may be subject to liability. See <u>Kimel v. Fla. Bd. of Regents</u>, 528 U.S. 62, 67-68, 120 S. Ct. 631 (2000). "Generally, an agent or employer who may be sued as an employer in Title VII suits [and, by analogy, in ADEA suits] has been construed to be a supervisory or managerial employee to whom employment decisions have been delegated by an employer." <u>Gallagher v. Gallagher</u>, 130 F.Supp.2d 359, 362-63 (N.D.N.Y. 2001) (citation omitted).

> (b) The term "employer" means a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year .... The term also means (1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State, and any interstate agency, but such term does not include the United States, or a corporation wholly owned by the Government of the United States.

29 U.S.C. § 630(b).

It is not clear whether the ADEA applies to the United States as an employer where plaintiff is not a covered federal employee in one of the following categories:

> (a) Federal agencies affected
>
> All personnel actions affecting employees or applicants for employment who are at least 40 years of age (except personnel actions with regard to aliens employed outside the limits of the United States) in military departments as defined in section 102 of Title 5, in executive agencies as defined in section 105 of Title 5 (including employees and applicants for employment who are paid from nonappropriated funds), in the United States Postal Service and the Postal Regulatory Commission, in those units in the government of the District of Columbia having positions in the competitive service, and in those units of the judicial branch of the Federal Government having positions in the competitive service, in the Smithsonian Institution, and in the Government Printing Office, the Government Accountability Office, and the Library of Congress shall be made free from any discrimination based on age.

29 U.S.C. § 633a.

There is some legislative history indicating that the law was intended to cover the above listed groups of federal employees and "persons employed by contractors and subcontractors engaged in the performance of Federal Contracts." <u>Bunch v. U.S.</u>, 548 F.2d 336, 339 n. 4 (9th Cir. 1977) (citing legislative history). It is not clear, therefore, whether the ADEA

applies to the United States where plaintiff was not a covered employee listed above. In fact, such claims have been dismissed for failure to state a claim. In Leitch v. MVM, Inc., 2004 WL 1638132 (E.D. Pa. Jul. 22, 2004), plaintiff was employed by an independent government contractor to the federal government. The court relied on 29 U.S.C. § 633a to determine that such a claim can only go forward where plaintiff is an employee (or applicant for employment) with the federal government. Id. at *5.

Even if plaintiff were permitted to bring an ADEA claim against the government in spite of the aforementioned authority, plaintiff would have to show an agency or "joint-employment" relationship between the other defendants and the government. This exception to the requirement that defendant be a direct employer is that an entity must "so extensively control[] an aggrieved party's employment relationship as to become that party's de facto employer." Camacho v. Puerto Rico Ports Authority, 369 F.3d 570, 574 (1st Cir. 2004).

In Rehabilitation Act cases which are analogous to the ADEA in most respects, the Ninth Circuit has utilized the joint-employment test to determine if an employee of an independent contractor that provides services to the government is also a federal employee. Lopez v. Johnson, 333 F.3d 959, 963 (9th Cir. 2003). See also Butterbaugh v. Chertoff, 479 F.Supp.2d 485 (W.D. Pa. 2007) (using same test in Title VII case). As with the original complaint, plaintiff has made no such showing in the amended complaint. The amended complaint, although shorter, is essentially identical to the original complaint in regard to the claims made against the United States.

Furthermore, plaintiff failed to name the proper defendant, such as a department or agency head, as he was directed to do on amendment. See Daly v. U.S. Dept. of the Army, 860 F.2d 592, 593 (3rd Cir. 1988) (acknowledging in Title VII cases that the head of a department is the only proper defendant); Shaffer v. Peake, 2008 WL 794470, *24 (W.D. Pa. Mar. 24, 2008) (noting that rule similar to that utilized in Title VII cases has been applied in ADEA cases).

Accordingly, IT IS HEREBY RECOMMENDED that defendant United States be dismissed from this action without prejudice. See Local Rule 110; Fed. R. Civ. P. 41(b).

/////

1    These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen
3 days after being served with these findings and recommendations, plaintiff may file written
4 objections with the court. The document should be captioned "Objections to Magistrate Judge's
5 Findings and Recommendations." Any response to the objections shall be filed and served within
6 fourteen days after service of the objections. Plaintiff is advised that failure to file objections
7 within the specified time may waive the right to appeal the District Court's order. Martinez v.
8 Ylst, 951 F.2d 1153 (9th Cir. 1991).
9 Dated: September 30, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Whitsitt0118.disUS