UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. WHITSITT, | No. 2:13-cv-0118 KJM GGH PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PATRICIO ENTERPRISES, et al., | |
| Defendants. | |

I.   BACKGROUND

The original complaint was filed in this court on January 22, 2013.  (ECF No. 1.)  The court dismissed the complaint on April 16, 2013 with leave to amend.  (ECF No. 3.)  Plaintiff filed his First Amended Complaint on May 17, 2013 ("FAC").  (ECF No. 5.)  On September 30, 2013, the court dismissed defendant United States from this action but ordered that service of the complaint on the remaining defendants was appropriate.  (ECF No. 9.)

Defendants San Joaquin WorkNet ("WorkNet") and Mike Sansome moved to dismiss the FAC on February 5, 2014.  (ECF No. 13.)  On March 17, 2014, Defendants New Breed Logistics ("New Breed") and Cindy Sasse also moved to dismiss the FAC.  (ECF No. 22.)  Defendants Patricio Enterprises and Gabe Patricio moved to dismiss the FAC on April 8, 2014.  (ECF No. 31.)  Plaintiff filed oppositions to these motions.  (ECF Nos. 27, 39, 40.)  Defendants all filed replies to these oppositions.  (ECF Nos. 36, 41, 44.)  Plaintiff improperly filed further oppositions

1

1   in response to defendants' replies.  (ECF No. 37, 39.)

2        Plaintiff who is 58 years old alleges that defendants Patricio Enterprises (a potential
3   employer) and New Breed (a potential employer), each independent contractors to the
4   U.S.A./DLA and WorkNet (a local public entity staffing program) failed to hire him for a low-
5   paying, menial job at the DLA Tracy distribution site despite his years of experience and over-
6   qualification for the jobs.  He alleges that New Breed and Patricio Enterprises hired younger and
7   less-qualified individuals instead.  Plaintiff further alleges that he has been blacklisted and
8   retaliated against in a conspiracy among potential employers, staffing companies and employment
9   agencies as a result of his past general discrimination complaints.  He alleges what appear to be
10  state law claims for civil conspiracy, violation of public policy and severe emotional distress.[1]
11  Plaintiff also sues individual defendants associated with the entity defendants.  Defendants move
12  to dismiss all of the claims against them for (1) failure to exhaust administrative remedies under
13  the ADEA and (2) failure to state a claim under 12(b)(6).  The undersigned concludes that
14  individual defendants may not be sued under the ADEA, and that plaintiff failed to exhaust his
15  administrative remedies under the ADEA prior to filing suit.  As such, because these issues
16  compel a dismissal of ADEA claims, and the state law issues are then not properly in federal
17  court, the undersigned will only address these issues.

18  II.   DISCUSSION

19      A.   Individual Defendants May Not Be Sued Under the ADEA

20       Plaintiff erroneously sues individual defendants under the ADEA.  These defendants
21  should be dismissed with prejudice from any and all ADEA claims.  The Ninth Circuit has held
22  that individuals may not be sued on non-retaliation ADEA claims.  Miller v. Maxwell's Inter.,
23  991 F.2d 583, 587-588 (9th Cir. 1993).  Although one district judge in the Eastern District has
24  held to the contrary with respect to retaliation based ADEA claims, Ostrach v. Regents etc., 957
25  F. Supp. 196 (E.D. Cal. 1997), there exists a wall of authority applying the same Miller rationale

---

[1] Plaintiff also appears to seek social security disability benefits.  This court does not have jurisdiction to determine such a claim as plaintiff must first seek those benefits at the administrative level and obtain a final decision.

to ADEA (and all statute based discrimination) retaliation claims. "However, virtually all other courts have disagreed with Ostrach, holding that the retaliation provision does not create individual liability in the employment context." Van Hulle v. Pacific Telesis Corp, 124 F. Supp. 2d 642, 645 (N.D. Cal. 2000). These courts have held, similar to the "direct" ADEA discrimination claims, that Congress, by use of the word "person" in forbidding discrimination was simply intending to make entity's responsible for the actions of their employees, i.e., Congress intended the remedies in all statutorily based discrimination claims in the employment context to apply against the "employer." See also Stern v. Cal. State Archives, 982 F. Supp. 690, 694 (E.D. Cal. 1997) (ADA claim); Barch v. Contra Costa etc., 2007 WL 39305 (N.D. Cal. 2007); Cai v. Chiron Corp., 2004 WL 1837985 (N.D. Cal. 2004) and cases cited therein.

Therefore, individual defendants in this case, Gabe Patricio, Cindy Sasse, and Mike Sansone should be dismissed from any and all ADEA claims in this case.

B. Failure to Exhaust ADEA Claims

Defendants seek to dismiss plaintiff's ADEA claims for failure to exhaust administrative remedies and failure to state a claim. More specifically, defendants assert that plaintiff has failed to allege that he received a "right to sue" letter from the DFEH or EEOC and failed to attach to his FAC any claim or charge filed with the DFEH or EEOC.[2]

To pursue an ADEA claim in federal court, a plaintiff must comply with the administrative exhaustion requirements of 29 U.S.C. § 626. "Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005). More specifically, a plaintiff may not initiate a civil action under the ADEA until at least 60 days after the filing of age discrimination charges with the EEOC or DFEH. Dempsey v. Pacific Bell Co., 789 F.2d 1451, 1452 (9th Cir.

---

[2] On April 16, 2013, the undersigned ordered that any "amended complaint shall be *no longer than 15 pages*, shall not use a font smaller than 12 Times New Roman, and shall not use single spacing except for any block quotations." (ECF No. 3, at 5.) Plaintiff was also advised to attach copies of all written claims or charges of discrimination filed with the EEOC or DFEH as exhibits to the amended complaint. (ECF No. 3, at 6.) Plaintiff ignored that order submitting an amended complaint 20 pages in length, containing single-spacing not attributable to quotations, and lacking any attachments evidencing charges of discrimination filed with the EEOC or DEFH.

3

1986); see also Albano v. Schering-Plough Corp., 912 F.2d 384, 386 (9th Cir. 1990). In California, a "deferral" state (29 U.S.C. § 633(b)), these exhaustion requirements include the filing of an age discrimination charge with the California Department of Fair Employment and Housing ("DFEH") within 300 days of the alleged unlawful practice. See 28 U.S.C. § 626(d)(2); 29 C.F.R. 1626.7. Filing with DFEH is deemed to be a filing with the EEOC. McConnell v. General Telephone Co. of California, 814 F.2d 1311, 1316 (9th Cir. 1987); see also 29 C.F.R. § 1626.10(c) ("charges received by one agency . . . shall be deemed received by the other agency for purposes of § 1626.7"). Unlike other federal discrimination statutes, the ADEA does not require that a plaintiff receive a right to sue letter before initiating suit. Compare 42 U.S.C. § 2000e–5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (adopting Title VII procedures for Americans with Disabilities Act ("ADA")) with 29 U.S.C. § 626(d) (ADEA).[3]

    The Ninth Circuit has held that the premature filing of an ADEA complaint prior to awaiting the required timelines for filing with the EEOC is not jurisdictional. Forester v. Chertoff, 500 F.3d 920, 928 (9th Cir. 2007). Rather, like a statute of limitations, it is subject to equitable considerations, such as waiver, estoppel and equitable tolling. Id.; see also Zipes v. Trans World Airlines, 455 U.S. 385, 393 (1982). Equitable tolling "often focuses on the plaintiff's excusable ignorance of the limitations period and on lack of prejudice to the defendant." Naton v. Bank of Cal., 649 F.2d 691, 696 (9th Cir. 1981). "Where the danger of prejudice to the defendant is absent, and the interests of justice so require, equitable tolling of the limitations period may be appropriate." Azer v. Connell, 306 F.3d 930, 936 (9th Cir. 2007).

    Plaintiff initiated this action on January 22, 2013. (ECF No. 1.) However, plaintiff did not file a "Charge of Discrimination" with the DFEH until January 30, 2013. (ECF No. 27 at 5.)[4]

---

[3] All of plaintiff's federal claims appear to be brought under the ADEA. As such, an analysis of whether plaintiff exhausted his administrative remedies under Title VII is unnecessary. Defendants all incorrectly argue that plaintiff is required to obtain a right to sue letter before initiating suit. This would be true if plaintiff alleged Title VII claims. However, as no such claims were alleged, plaintiff is required to file a Charge of Discrimination with the EEOC and wait sixty days before initiating suit.

[4] While ordinarily facts outside the complaint are not appropriately viewed on a motion to dismiss, plaintiff's adverse concession in his opposition, necessary because it was incumbent

As a result of plaintiff's failure to file a timely charge with the DFEH—before initiating a civil action—the administrative charge requirement was not met. Absent equitable tolling, plaintiff's suit must be dismissed.

Plaintiff does not explicitly raise an equitable tolling issue and his oppositions cannot be fairly read to provide any explanation for why he did not satisfy the exhaustion requirement of 29 USC § 626. Instead, he asserts that filing a discrimination charge is not a jurisdictional prerequisite and, thus, he is not required to plead exhaustion of his administrative remedies. Plaintiff also redirects attention to the fact that he actually filed a charge of discrimination on January 30, 2013. However, none of these assertions give rise to a finding of excusable neglect or ignorance of the administrative exhaustion requirement. Furthermore, given plaintiff's litigation history in this district consisting of several lawsuits alleging claims under Title VII and ADEA, plaintiff cannot legitimately claim ignorance of the exhaustion requirement. See Whitsitt v. Barbosa, E.D. Cal. Case No. 2:06-cv-00397-MCE-JFM; Whitsitt v. Club Resource Group, E.D. Cal. Case No. 2:06-cv-02075-MCE-KJM; Whitsitt v. Cellars, E.D. Cal. Case No. 2:06-cv-02076-FCD-GGH; Whitsitt v. Carmona Agency, E.D. Cal. Case No. 2:06-cv-02241-LKK-DAD; Whitsitt v. City of Tracy, E.D. Cal. Case No. 2:10-cv-00528-JAM-AC; Whitsitt v. Harris, E.D. Cal. Case No. 2:10-cv-01620-GEB-KJM; Whitsitt v. Ramball, E.D. Cal. Case No. 2:12-cv-00289-JAM-CKD. Accordingly, defendants' motions to dismiss plaintiff's ADEA claims for failure to comply with the exhaustion requirement should be granted.

C.  State Law Claims

Plaintiff's state law claims for civil conspiracy, emotional distress, and violation of public policy also should be dismissed. Although plaintiff alleges that diversity of citizenship exists, it appears without doubt that plaintiff and at least some of the defendants are citizens of California, thereby destroying complete diversity. See Cook v. AVI Casinto Enters., Inc., 548 F.3d 718, 722 (9th Cir. 2008). Because there is no federal basis for jurisdiction over these claims, they should also be dismissed. See Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 806 (9th

---

upon him to plead such facts in the first place, is a matter of which the court can take judicial notice.

Cir. 2001) ("If the district court dismisses all federal claims on the merits, it has discretion under § 1367(c) to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims."). The undersigned concludes that discretion is best exercised to dismiss the state law claims brought by this litigious plaintiff.

### III.  CONCLUSION

For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Defendants San Joaquin Worknet and Mike Sansone's motion to dismiss (ECF No. 13) be granted;

2. Defendants New Breed Logistics and Cindy Sasse's motion to dismiss (ECF No. 22) be granted;

3. Defendants Patricio Enterprises and Gabe Patricio's motion to dismiss (ECF No. 31) be granted; and

4. The ADEA claims against individual defendants Sansone, Sasse and Patricio be dismissed with prejudice; the remainder of the entire action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 30, 2014

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

GGH:016/Whitsitt0118.mtd